UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Daphne L. Counts,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:20-cv-5447

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

On January 3, 2022, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner of Social Security's ("Commissioner") decision in this social security case. R&R, ECF No. 20. Plaintiff timely objected to that recommendation. Obj., ECF No. 21. Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to. Fed. R. Civ. P. 72(b).

Plaintiff objects that the Administrative Law Judge ("ALJ") failed to provide good reasons for not giving controlling weight to the opinion of Plaintiff's treating psychiatrist, Dr. Johnson. Obj. 2, ECF No. 21. Specifically, Plaintiff concedes that the ALJ explained her decision by stating that Dr. Johnson's opinions were: (1) inconsistent with one another and (2) inconsistent with Plaintiff's activities of daily living ("ADLs"). *Id.* at 2–5. Plaintiff argues, however, that those reasons cannot stand as "good reasons" to accord less than controlling weight to Dr.

Johnson's opinions because her opinions are *not* inconsistent with one another or with Plaintiff's ADLs. *Id.*

On de novo review, the Court finds the ALJ correctly determined that Dr. Johnson's opinions are, at times, internally inconsistent.[1] For instance, at R. 927, Dr. Johnson opined that Plaintiff had "no" ability to maintain attention and concentration, but at R. 952, Dr. Johnson opined that Plaintiff's ability to maintain attention was "fair." Similarly, at R. 927, Dr. Johnson opined that Plaintiff had "no" ability to carry out instructions, but, at R. 952, she opined that Plaintiff would merely have difficulty remembering instructions and may have to ask questions to clarify directions. Being able to carry out instructions, even with some difficulty and a need for clarification, is inconsistent with a complete inability to carry out instructions.

Some of Dr. Johnson's opinions are also inconsistent with her own treatment notes. For example, Dr. Johnson's 2017 opinion that Plaintiff cannot interact with the general public, R. 927, is contradicted by many of Dr. Johnson's treatment notes. *See, e.g.*, R. 736 (July 30, 2015, notes which state Plaintiff was working, was "doing well overall," and denied any mood or depression symptoms); R. 740 (noting that, in December 2015, Plaintiff was doing well and denied depression); R. 744 (March 8, 2016, treatment notes explaining Plaintiff's

---

[1] The Court notes that the medical records that counsel submitted were almost illegible. Although the Court was ultimately able (with much effort) to read the records, counsel should ensure in the future that scanned documents open legibly.

subjective belief that her panic attack was attributable to situational stressors and that Plaintiff was otherwise "good"); R. 748 & 752 (stating Plaintiff "denies mood sx [symptoms]" on July 11, 2016, and October 11, 2016); R. 912 (stating that in May 2017, Plaintiff reported "doing well").

Moreover, the ALJ correctly concluded that Dr. Johnson's opinions were inconsistent with Plaintiff's ADLs. For example, Plaintiff's ability to be the primary caregiver for both her developmentally delayed adult daughter and Plaintiff's two young grandchildren was inconsistent with Dr. Johnson's severe opined mental limitations, such as maintaining attention and concentration. *See* R. 208. Plaintiff's work at the Waffle House and as a registered nurse during the period of alleged disability, R. 695, 1072, is also inconsistent with Dr. Johnson's opinion that Plaintiff had zero ability to interact with the general public.

In sum, it is not the Court's purview to re-weigh the evidence, and the Court cannot say that the ALJ failed to provide good reasons supported by substantial evidence for the weight given to Dr. Johnson's opinions.

Plaintiff's objection is **OVERRULED**, the R&R is **ADOPTED**, Plaintiff's Statement of Specific Errors is **OVERRULED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**